IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:23-cv-00156-MR

| | |
|---|---|
| **DUSTIN MICHAEL GRIMES,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **FNU HAMBY, et al.,** ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, [Doc. 1], filed under 42 U.S.C. § 1983, see 28 U.S.C. §§ 1915(e) and 1915A. Plaintiff seeks to proceed in forma pauperis. [Doc. 2].

**I.    BACKGROUND**

Pro se Plaintiff Dustin Michael Grimes ("Plaintiff"), now deceased, was a detainee at the Wilkes County Jail (the "Jail") in Wilkesboro, North Carolina when he filed this action pursuant to 42 U.S.C. § 1983 on September 27, 2023.[1] At the time of his death, Plaintiff's pending charges included malicious conduct by a prisoner by willfully throwing bodily fluids, excrement,

---

[1] On November 3, 2023, Captain Wyatt from the Wilkes County Jail called the Clerk's Office to report that Plaintiff is deceased and that she would be returning the Court's mail marked "return to sender." [Nov. 3, 2023 (Court Only) Docket Entry].

or unknown substances at an employee in violation of N.C. Gen. Stat. § 14-258.5(a) for an offense that occurred on March 15, 2023.[2]

Plaintiff names as Defendants in their individual and official capacities: FNU Hamby, identified as a Jail corporal;[3] FNU Noorwood, FNU Grant, and FNU Shumate, identified as Jail Officers; FNU Whitley, identified as a Jail Major; Jane FNU, identified as a "nurse"; John Doe, identified as the Jail's acting doctor; and FNU Patrick, for whom no identification is provided. [Doc. 1 at 1-3]. He claims that Defendants violated his rights under the Fourth Amendment for "excessive use of force," "violation of 'No Warrant,'" and "gross neglect for hygiene/unconstitutionally inadequate med[ical] care." [Id.].

While the Complaint is not the model of clarity, Plaintiff alleges that, on August 3, 2023, the following events occurred:

> [Plaintiff] was awoken from sleep while being held in a padded cell here in WILKES CO JAIL and restrained in a restraining chair by Corporal Hamdy & Officers Noorwood, Grant and several others and forced into having [his] blood drawn against [his] will. When [Plaintiff] refused, demanding a court order [he] was told the order came from Major Whitley-Jail Staff.

---

[2] The Plaintiff also had pending charges for habitual felon for an offense that occurred on March 14, 2023, and for misdemeanor assault and injury to personal property for offenses that occurred on July 28, 2023. The Court takes judicial notice of Wilkes County Superior Court Case Nos. 2023CRS257502 and 2023CRS000462, and Wilkes County District Court Case No. 2023CR379418. See Fed. R. Ev. 201. The dockets reflect that all of these cases were "dism w/o leave" on November 6, 2023.

[3] Also spelled "Hamdy." [Doc. 1 at 1].

[Doc. 1 at 1]. Plaintiff further alleges that on or about March 14, 2023, Plaintiff had an altercation, after which he was placed in a restraining chair, then he was held in a padded cell for approximately two weeks where he received "little to no hygiene utensils." [Id.]. Plaintiff also alleges that the mattress was not sanitized between inmates. [Id.]. Plaintiff believed that he contracted a "staff [sic] infection that has spread over [his] entire abdomen; and when [he] requested medical attention [he] was denied." [Id.]. For injury, he claims pain, suffering, and mental and emotional harm for which he seeks compensatory and punitive damages.

## II.  STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly

baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III.  DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166 (2023). Although Plaintiff alleges that his rights under the Fourth Amendment were violated, the Court will address all of the claims fairly raised by Plaintiff's allegations.

#### A.  Parties

The Plaintiff does not make any allegations whatsoever against Defendants Patrick, Jane FNU, or John Doe. The claims against these Defendants thus fail to satisfy the most basic pleading requirements. See

4

Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). The claims against Defendants Patrick, Jane FNU, and John Doe are, therefore, dismissed.

### B. Official Capacity Claims

Suits against an officer in his official capacity "generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165 (1985) (quoting Monell v Dep't of Soc. Servs. of the City of New York, 436 U.S. 658, 690 n. 55 (1978)). The Office of Sheriff is not liable under § 1983 for an employee's acts "unless action pursuant to official municipal policy of some nature caused [the] constitutional tort." Collins v. City of Harker Heights, 503 U.S. 115, 120-21 (quoting Monell, 436 U.S. at 691). That is, "[f]or a governmental entity to be liable under section 1983, the official policy must be the moving force of the constitutional violation." Moore v. City of Creedmoor, 345 N.C. 356, 366, 481 S.E.2d 14, 21 (1997) (internal quotation marks and citations omitted). "Thus, the entity's 'policy or custom' must have played a part in the violation

5

Case 5:23-cv-00156-MR   Document 7   Filed 01/10/24   Page 5 of 11

of federal law." Id. (quoting Monell, 436 U.S. 658, 694). Here, Plaintiff does not allege that any official policy was the moving force behind any constitutional injury. [See Doc. 1]. Plaintiff has, therefore, failed to state an official capacity claim against any Defendant in this matter and these claims will be dismissed.

### C. Involuntary Blood Draw[4]

With respect to free persons, the bodily intrusion resulting from taking a blood sample constitutes a search within the scope of the Fourth Amendment. See Skinner v. Railway Labor Exec. Ass'n, 489 U.S. 602, 616 (1989); Schmerber v. California, 384 U.S. 757 (1966). However, the expectations of privacy of an individual taken into police custody "necessarily [are] of a diminished scope." Bell v. Wolfish, 441 U.S. 520, 557 (1979). For instance, "persons lawfully arrested on probable cause and detained lose a right of privacy from routine searches of the cavities of their bodies and their jail cells." Jones v. Murray, 962 F.2d 302, 306 (4th Cir. 1992), *as amended* (Apr. 27, 1992) (citing Bell v. Wolfish, 441 U.S. 520, 559–60 (1979), Hudson v. Palmer, 468 U.S. 517, 530 (1984)).

Here, Plaintiff complains that Corporal Hamby, Officers Noorwood and Grant, and "several others" forced him to undergo a blood draw on Major

---

[4] The Plaintiff characterizes this claim as the use of excessive force. [See Doc. 1 at 1].

Whitley's order. [Doc. 1 at 1]. The Plaintiff, a pretrial detainee who had a pending charge for throwing bodily fluid or excrement at an officer, fails to plausibly allege that an involuntary blood draw violated his rights. See N.C. Gen. Stat. § 15A-266.3A(a), (f)(10b) ("… a DNA sample … shall be obtained from any person who is arrested for committing an offense…" including malicious conduct by a prisoner under § 14-258.4); see also Jones, 962 F.2d at 306 (upholding a Virginia statute requiring felons to undergo blood testing for DNA analysis). This claim is, therefore, dismissed without prejudice.

### D. Conditions of Confinement

"[A] pretrial detainee has a right under the Due Process Clause to be free from punishment before his guilt is adjudicated." Tate v. Parks, 791 Fed. App'x 387, 390 (4th Cir. 2019) (citing Bell v. Wolfish, 441 U.S. 520, 535 (1979)). An individual pretrial detainee may raise a substantive due process challenge to his conditions of confinement "where they are so disproportionate or arbitrary that they are not related to legitimate penological objectives and amount to punishment." Id. (citing Williamson v. Stirling, 912 F.3d 154, 174-76 (4th Cir. 2018)). "To prevail on such a claim, a detainee must show that the challenged treatment or conditions were either (1) imposed with an express intent to punish, or (2) not reasonably related to

7

a legitimate nonpunitive objective, in which case an intent to punish may be inferred." Id. (citing Williamson, 912 F.3d at 178).

Plaintiff claims that, on March 14, 2023, he was placed in a restraining chair "after an altercation that [he] received charges for"; that he was then placed in a padded cell for two weeks where he received "little to no hygiene utensils" and a mattress that was not sanitized between inmates; and that he believes that he contracted a "staff [sic] infection" on his abdomen as a result. [Doc. 1 at 1].

Plaintiff fails to plausibly allege that his placement in a restraining chair and then a padded cell following an admitted altercation that resulted in charges was imposed with an intent to punish and was not reasonably related to a legitimate penological objective. See Dilworth v. Adams, 841 F.3d 246, 255 (4th Cir. 2016) ("it is clear … that for safety or security reasons, a jail may take immediate preventative action to segregate a detainee after a fight or disruption"). Moreover, Plaintiff's vague and conclusory allegations fail to explain how any Defendant was responsible for either his placement in the restraining chair, his placement in the padded cell, or the conditions he encountered there. See Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (to establish liability under 42 U.S.C. § 1983, a plaintiff must show that the defendants "acted personally" to cause the alleged violation) (citation

omitted). Accordingly, Plaintiff's claims that he was subjected to unconstitutional conditions of confinement are dismissed without prejudice.

### E. Deliberate Indifference to a Serious Medical Need

Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment.[5] Estelle v. Gamble, 429 U.S. 97, 104 (1976). To state a claim under the Eighth Amendment, a plaintiff must show a "deliberate indifference to serious medical needs" of the inmate. Id. "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Young v. City of Mt. Ranier, 238 F.3d 567, 575-76 (4th Cir. 2001) (citations omitted).

Here, Plaintiff alleges that he requested, and was denied, medical attention for the "staff [sic] infection" on his abdomen. [Doc. 1 at 1]. Plaintiff does not, however, allege that any Defendant knew of, and was deliberately indifferent to, a serious medical need. See Vinnedge, 550 F.2d at 928. His

---

[5] Because Plaintiff was a pre-trial detainee at the relevant times, his deliberate indifference claims are properly brought under the Fourteenth Amendment's Due Process Clause rather than the Eighth Amendment. See City of Revere v. Mass. Gen. Hosp., 463 U.S. 239 (1983). However, the Fourth Circuit has long applied the Eighth Amendment deliberate indifference standard to pretrial detainees' deliberate indifference claims. See Moss v. Harwood, 19 F.4th 614, 624 n.4 (4th Cir. 2021).

vague and conclusory allegations fail to state a plausible claim for deliberate indifference to a serious medical need and, therefore, it is dismissed without prejudice.

### F. IFP Application

Because Plaintiff is deceased, the Court will grant Plaintiff in forma pauperis status for the limited purpose of initial review. Typically, when a party dies during the pendency of an action, the opposing party files a Suggestion of Death with the Court, which is served on the deceased party's successor or representative. See Fed. R. Civ. P. 25(a)(1). Here, because Plaintiff's Complaint had not passed initial review and, therefore, no Defendants had been served, no Suggestion of Death has or will be filed. Moreover, the Court is without information regarding Plaintiff's successors.

## IV. CONCLUSION

In sum, Plaintiff's Complaint fails initial review because he has failed to state a claim upon which relief may be granted. Because Plaintiff is deceased and cannot amend his Complaint to state a claim for relief, the Court will dismiss his Complaint without prejudice. Should Plaintiff's personal representative for his estate wish to pursue any of the dismissed claims Plaintiff purports to pursue here, he/she may refile this action on Plaintiff's behalf, subject to all timeliness and procedural requirements.

**ORDER**

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint [Doc. 1] fails initial review and is **DISMISSED WITHTOUT PREJUDICE**.

2. Plaintiff Application to proceed in forma pauperis [Doc. 2] is **GRANTED** for the purpose of this initial review.

3. **IT IS FURTHER ORDERED** that the Order for Prisoner Trust Account Statement [Doc. 4] is hereby **VACATED**.

The Clerk is respectfully instructed to terminate these proceedings.

**IT IS SO ORDERED**.

Signed: January 10, 2024

Martin Reidinger
Chief United States District Judge